IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSHUA HATCH #2571760
        Plaintiff        *

        v.        *   CIVIL ACTION NO. CCB-10-3509
                            (Consolidated with CCB-11-27)
WENDELL M. FRANCE        *
MARION E. TUTHILL
GWENDOLYN OLIVER        *
        Defendants

## MEMORANDUM

On December 15, 2010, Joshua Hatch, a pretrial detainee presently held at the Baltimore City Detention Center ("BCDC"), filed a civil rights action against BCDC employees alleging a plethora of poor conditions of confinement using court-approved forms. *See Hatch v. France*, No. 10-3509 (D. Md. filed Dec. 15, 2010). He further elaborated on those claims in *Hatch v. France,* No. 11-27 (D. Md. filed Jan. 3, 2011). The cases have been consolidated and counsel for defendants has filed a motion to dismiss or, in the alternative, for summary judgment (ECF No. 8), which the court will construe as a summary judgment motion. Hatch has filed an opposition response. ECF No. 10. A hearing is not required to resolve the dispositive motion. *See* Local Rule 105.6 (D. Md. 2010).

### Background

In his original complaint Hatch alleged he filed a grievance for denial of access to the law library followed by several letters to defendants. Compl. at 7, Hatch I, ECF No. 1. When neither the grievance nor the letters were answered, he filed a grievance "about the administration failing to respond to grievances filed by the inmate population." *Id.* at 3. Hatch further alleges he filed grievances concerning sanitation, maintenance, laundry services, excessive heat, lack of exercise, and denial of the opportunity to attend religious services. He also filed a grievance concerning

an inmate stabbing on November 27, 2010, that resulted in BCDC being "locked down," during which time he allegedly could not shower for several days and did not receive hot meals. *Id.* at 6. He also indicated that an unnamed prison health care provider diagnosed Hatch's skin rashes as likely caused by improper showering, and that BCDC personnel ignored his "medical pass" requiring him to shower daily. Compl. at 1, No. 11-27 (D. Md. Jan. 3, 2011), ECF No. 1.

Defendants assert that Hatch has failed to properly exhaust administrative remedies. Defendants further assert that apart from the failure to exhaust, the complaint fails to state a claim upon which relief may be granted, and they are entitled to Eleventh Amendment immunity. ECF No. 8.

**Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all

2

reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The Prison Litigation Reform Act (PLRA) provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As a prisoner, Hatch is subject to the strict requirements of the exhaustion provision. It is of no consequence whether he is aggrieved by a single occurrence or raises a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative process. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 219-20 (2007).

Administrative remedies must, however, be available to the prisoner, and this court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

an administrative remedy is not considered to have been available if a prisoner, through

3

> no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008). Thus, Hatch's claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase*. The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F.Supp. 2d 523, 530 (D.Md.2003).

The grievance procedure in place at BCDC requires the completion of a four-step grievance process. A Step I grievance must be filed within 15 days of the incident and addressed the Resident Grievance Office Coordinator, who makes an initial determination of merit or no merit. A Step II grievance must be filed within 10 days of the Coordinator's decision and is heard by the Resident Grievance Hearing Board. Step III grievances must be filed within 10 days of the Hearing Board's decision and are considered by the Warden. The final appeal, Step IV, must be filed within 10 days of the Warden's decision and is considered by the Commissioner of the Division of Pretrial Detention and Services. *See* Division of Pretrial Detention and Services Adult Grievance Procedures (June 20, 2008).

Defendants claim that while Hatch filed multiple Step I grievances and, on one occasion, appealed to the Step II level, he did not fully comply with these grievance procedures. Geiger Affidavit at ¶¶ 5-6, Ex. A, ECF No. 8. Hatch does not dispute defendants' contention that he

4

failed to exhaust. Instead, he indicates that he and other prisoners consider the system "a joke" and that grievances are not timely answered, as evidenced by his December 6, 2010, letter to the Secretary of Public Safety and Correctional Services.[1] Pl.'s Resp. to Mot. to Dismiss at 1-2, ECF No. 10.

Hatch does not dispute that he failed to comply with the procedures. While he implies that it was, at times, hard to obtain the proper forms while the institution was on lockdown, he does not outline any specific instance in which he was prohibited from filing grievances.[2] Instead, he infers that the sluggish response on the part of Grievance Office staff is sufficient to relieve him of the exhaustion requirement.

Hatch's explanation for failing to follow through with the grievance procedure does not suffice to excuse exhaustion. *See Booth*, 532 U.S. at 741 (requiring exhaustion even where relief sought is unavailable). His conditions of confinement claims are not exhausted and must be dismissed. A separate order follows.

May 20, 2011  /s/
Date  Catherine C. Blake
 United States District Judge

---

[1] Hatch references five letters sent to corrections officials between October and December 6, 2010. With the exception of the December 6, 2010, letter to Secretary Maynard, the record does not contain copies of the letters. The court nonetheless will accept as true Hatch's statement that he sent letters to defendants and other officials complaining that his grievances were ignored.

[2] Indeed, he filed more than one dozen Step I grievances in the first months of his detention.